UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80098-CR-ROSENBERG/HOPKINS

UNITED STATES OF AMERICA

v.

CHARLES LEWIS VORPAGEL,
                  Defendant.
_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and CHARLES LEWIS VORPAGEL, (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to Counts 2 and 3 of the Indictment, which charges the defendant with Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count 2), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count 3).

2.      This Office agrees to seek dismissal of Count 1 of the indictment, after sentencing.

3.      The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the

applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant understands that his advisory sentence may be determined based on "Relevant Conduct" as that term is defined under Section 1B1.3 of the Sentencing Guidelines. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The defendant also understands and acknowledges that as to Count 2 of the Indictment, the Court may impose a term of up to ten years imprisonment, to be followed by a maximum three year term of supervised release. The defendant also understands and acknowledges that as to Count 3 of the Indictment, the Court must impose a minimum sentence of 5 years, and may impose a term up to a maximum of life, to run consecutively to any other sentence imposed, to be followed by a maximum five year term of supervised release. In addition to terms of imprisonment and supervised

release, the Court may impose a fine of up to $250,000.00 as to each count, and may order forfeiture.

5.  The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed, as to each count. The defendant agrees that any special assessments imposed shall be paid at the time of sentencing.  If the defendant is financially unable to pay the special assessments, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.  This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.  The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely

3

notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. However, the United States will not be required to make this motion and recommendation, and the additional concessions set forth in Paragraph 2, above, if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

  a. <u>Base offense level:</u>  That the applicable base offense level under Section 2B1.1(a)(3) of the Sentencing Guidelines resulting from the offense committed in this case is 22.

  b. <u>Specific Offense Characteristics</u>: That the defendant should receive a 2 level increase because the offense involved 3-7 firearms, pursuant to Section 2K2.1(b)(1)(A).

  c. <u>Overall guideline range</u>: That the applicable guideline range under all of the circumstances of the offense committed by the defendant is Level 24. With a three level adjustment for acceptance of responsibility, the defendant's total offense level is 21. With a Criminal History Category of III, the defendant's guideline range is 46-57 months, as to Count 2 of the Indictment.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence

within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. In particular, this Office agrees that if the defendant satisfies all of the requirements set out in paragraph 7 for this Office to recommend the reduction for acceptance of responsibility, then this Office, after full consideration of the advisory Sentencing Guidelines range and the factors set out in Title 18, United States Code, Section 3553(a), will recommend that the defendant be sentenced at the low end of the guideline range as calculated in paragraph 8, for Count 2, with 60 months to run consecutively for Count 3, for a total of 106 months.

10.　The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

11.　The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings

made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

12. This agreement constitutes the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises,

representations, or understandings with respect to the defendant's guilty plea except as set forth herein.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 11/29/17   By: _____
                 For SUSAN OSBORNE
                 ASSISTANT UNITED STATES ATTORNEY

Date: 11/29/17   By: _____
                 ROBERT FRANKLIN
                 ATTORNEY FOR DEFENDANT

Date: 11/29/17   By: _____
                 CHARLES LEWIS VORPAGEL
                 DEFENDANT