## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 17-80098-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

CHARLES LEWSI VORPAGEL,

      **Defendant.**

_____/

### REPORT AND RECOMMENDATION ON THE SECOND SUPERSEDING PETITION FOR OFFENDER UNDER SUPERVISION (DE 65)

    **THIS CAUSE** came before me on November 19, 2021.  Having conducted a hearing, I recommend as follows:

    1.    A Second Superseding Petition for Offender Under Supervision (the "Second Superseding Petition") was filed in this case on October 13, 2021.  DE 65.  Defendant appeared before me on November 19, 2021 for a hearing convened via videoconference on the Zoom platform.  At the hearing's outset, I advised the Defendant of his right to have the proceeding in person.  The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference.  Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary.  I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2.      The Defendant admitted Violation Numbers 1 through 15 as set forth in the Second Superseding Petition (DE 65).   The Government agreed to recommend dismissal of Violation Number 16 at time of sentencing.

3.      The possible maximum penalties faced by the Defendant for Violation Numbers 1 through 15 were read into the record by the Government.  The Defendant stated that he understood those penalties.

4.      I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing.  The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions to Violation Numbers 1 through 15 are accepted, all that will remain regarding those violations will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

5.      The Government proffered a factual basis for Defendant's admissions to Violation Numbers 1 through 15.  The Defendant agreed that the facts proffered by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 1 through 15.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 1 through 15, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case.   Pursuant to Federal Rules of Criminal Procedure, Rule

59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

     **DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>23rd</u> day of November, 2021.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE